**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Blades, | No. CV-23-00545-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, et. al., | |
| Defendant. | |

Defendants Commissioner of the Social Security Administration and the United States of America ("the Government")[1] have moved to dismiss (Doc. 35) *pro se* Plaintiff Craig Blades' ("Plaintiff") First Amended Complaint (Doc. 33). Plaintiff has filed a Response (Doc. 42) and a Supplement to his Response (Doc. 53). The Government filed a single Reply to Plaintiff's Response and Supplement. (Doc. 63). For the reasons that follow, the Court will grant the Government's Motion to Dismiss and transfer this action to the Court of Federal Claims as required by the Tucker Act, 28 U.S.C. § 1631.

**I.  Background**

The federal government provides disability benefits to individuals who have contributed to the Social Security program and who, because of a medically determinable

---

[1] In the Motion to Dismiss, counsel for the Government states that she has not been appointed to represent the individually-named Defendants, but that they may "seek representation from the Department of Justice pursuant to provisions set forth at 28 C.F.R. §§ 50.15 and 50.16." (Doc. 35 at 2). Since the filing of the Motion, it appears that defense counsel now represents some of the individually-named Defendants, including: Social Security Administration ("SSA") employees S Boncella and Barb Reimers, as well as Administrative Law Judge Carla Waters and SSA Appeals Officer Wanda Beamon. (Doc. 78). Importantly, this Motion is brought on behalf of the Government only.

physical or mental impairment, are unable to engage in substantial gainful work. 42 U.S.C. §§ 423. Plaintiff receives such disability benefits from the SSA. (*See* Doc. 1 at 1).

Plaintiff's original Complaint sought two different types of relief: (1) judicial review of the Commissioner's decision regarding an alleged overpayment of benefits, and (2) monetary damages for alleged Due Process violations. (*Id*. at 1–2). At the initial scheduling conference, the Court severed the claims into two actions and instructed Plaintiff to amend and limit his Complaint to his due process claims and to file a separate complaint seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Doc. 32). Plaintiff amended his Complaint and now brings six claims for alleged Due Process violations against the United States of America, the Commissioner of the SSA, SSA employees S. Boncella, Barb Reimers, Jason Curran, Christina Loggins, SSA/ Office of the Inspector General attorney Lisa Lawler as well as Administrative Law Judge Carla Waters and SSA Appeals Officer Wanda Beamon. (Doc. 33).[2]

In his Amended Complaint, Plaintiff asserts six due process claims and purports to brings these claims under Section 405 of the Social Security Act, 42 U.S.C. § 405, the Federal Tort Claims Act, 28 U.S.C. §§1346, et. seq., 28 U.S.C. § 1343 (the jurisdictional counterpart to 42 U.S.C. § 1983), *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Constitution (presumably the Due Process Clause of the Fifth Amendment). (*Id*. at 1). Plaintiff states that the SSA stopped his disability payments multiple times starting in 2015 and again in 2018, and in total, withheld/garnished forty-nine months of his benefit payments. (*Id*. at 2). Plaintiff seeks $4,050,000.00 in compensatory/actual damages and $4,750,000.00 in punitive damages. (*Id*. at 7). The Court will briefly restate Plaintiff's claims here:

For his first due process claim, Plaintiff alleges he visited a local SSA branch in Mesa, Arizona on July 8, 2015, to inquire as to why his entire disability check was not paid

---

[2] Plaintiff has served S. Boncella, Barb Reimers, Jason Curran, Lisa Lawler as well as Administrative Law Judge Carla Waters and SSA Appeals Officer Wanda Beamon. (Docs. 64–66; 70; and 73–74). Plaintiff has also filed a Notice that Defendant Christina Loggins is deceased. (Doc. 75).

to him. (Doc. 33 at 2–3). Plaintiff states that he spoke with Defendant Boncella, who told him that his wage was being garnished due to a $145,000.00 "Civil Monetary Penalty" ("CMP").[3] (*Id*. at 3). Plaintiff states that this CMP stems from a "misuse" case against him where his ex-wife made false statements about Plaintiff. (*Id*.) Plaintiff also alleges that Defendant Boncella "agreed" to allow Plaintiff to file an appeal to begin receiving his benefits during the appeal process. (*Id*.) Plaintiff further states, however, that the next day Defendant Boncella called him and told him that he did not have any appeal rights because the Office of the Inspector General ("OIG") had taken over this matter. (*Id*.) Plaintiff alleges that "[t]hese defendants started and allowed the illegal collection of plaintiff's entire monthly disability payments for eleven months," which was a violation of his due process rights. (*Id*.)

In his second claim, Plaintiff alleges that he contacted Defendant Lawler, an OIG attorney, in connection with the CMP and that she told him that OIG did not handle collections—the SSA did. (*Id*. at 4). Plaintiff alleges he went back and forth between the Mesa SSA office and Defendant Lawler, which concluded with Defendant Lawler telling Plaintiff that "she would not discuss collections of plaintiff's disability payments anymore." (*Id*.) Plaintiff alleges that Defendant Lawler violated his due process rights by "knowingly allow[ing] the unlawful collection of [his] disability payments before a required CMP hearing. Defendant Lisa Lawler was in charge of the $145,000 CMP case for the OIG and did nothing to stop the unlawful collection and is negligent by omission." (*Id*.)

In his third claim, Plaintiff alleges he visited the Mesa SSA office in 2018 to inquire about a pre-recoupment hearing on a $45,000.00 overpayment/ misuse. (*Id*. at 5). Plaintiff alleges he spoke with Defendant Curran, who told Plaintiff that he could not have a pre-recoupment hearing as this request would forfeit his right to a hearing before an ALJ. (*Id*.) Plaintiff alleges that Defendant Curran's statement was a lie that resulted in the denial of Plaintiff's pre-recoupment hearing. (*Id*.) Plaintiff alleges that the Social Security Act

---

[3] The Government disputes "Plaintiff's belief that any CMP was ever imposed, and further disputes the amounts in controversy." (Doc. 63 at 4).

clearly states he had a right to this hearing, so the SSA, through Defendant Curran's representations, violated his right to due process. (*Id*.)

In his fourth claim, Plaintiff alleges that he visited the Phoenix SSA office after his Mesa visit to again ask for a pre-recoupment hearing. (*Id*. at 6.) Plaintiff states that he spoke with Defendant Loggins, who scheduled a pre-recoupment hearing on June 28, 2018, for Plaintiff. (*Id*.) At the hearing, Plaintiff states he requested to review records and call witnesses; but that a "Ms. Bruhier" told Plaintiff she was not aware of procedures for Plaintiff to review records or call witnesses at a pre-recoupment hearing and that he needed to speak with Defendant Loggins. (*Id*.) Plaintiff alleges that he returned to the Phoenix office and tried to speak with Defendant Loggins but was told that the June 28 appointment was Plaintiff's pre-recoupment hearing and that his "waiver/appeal would likely be denied." (*Id*.) Plaintiff alleges that Defendant Loggins "did not follow any of the pre-recoupment hearing procedures as required by the Social Security Act," which he asserts was a violation of his due process rights. (*Id*.)

In his fifth claim, Plaintiff alleges that he had an overpayment hearing before ALJ Carla Waters on February 9, 2021, and that she did not allow Plaintiff to question witnesses. (*Id*. at 7). Plaintiff states that he requested to subpoena his ex-wife because her statements started this case but that the ALJ denied this request. (*Id*.) Plaintiff alleges that this denial is a due process violation because the Social Security Act allows for the subpoena of witnesses. (*Id*.)

For his sixth and final due process claim, Plaintiff alleges that Defendant Beamon of the SSA Appeals Counsel upheld ALJ Waters' decision—which was a denial of Plaintiff's due process rights. (*Id*.) As a result, Plaintiff alleges that Defendant Beamon also violated his due process rights by upholding ALJ Waters' decision. (*Id*.)

As illustrated above, Plaintiff never specifically names the United States or the Commissioner of the SSA in any of his six due process claims. (*See id*. at 2–7). Plaintiff lists the Government in the caption of his Amended Complaint, however. (*Id*. at 1). Construing Plaintiff's *pro se* filing liberally, the Court concludes that each of his six claims

are brought against the individually named Defendants as well as the United States and the Commissioner of the SSA.

The Government has moved to dismiss Plaintiff's Amended Complaint, arguing that the Court does not have subject matter jurisdiction over Plaintiff's claims and that Plaintiff has failed to state a claim. (Doc. 35 at 5, 9). The Court will first address whether it has subject matter jurisdiction over Plaintiff's claims. *See Weekly. v. United States*, 2023 WL 6796428, at *4 (E.D. Cal. Oct. 13, 2023) ("when confronted with arguments challenging both subject matter jurisdiction and the merits of the plaintiff's complaint, the Court must first address a challenge to its jurisdiction.") (citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)).

## II. Subject Matter Jurisdiction

Plaintiff purports to bring claims under various vehicles that allow for suit against the federal government and its employees: the Due Process Clause,[4] the Social Security Act, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1343 and *Bivens*.[5] (Doc. 33 at 1). The Government argues that the Court does not have subject matter jurisdiction over any of Plaintiff's claims because he cannot establish that the Government has waived its right to be immune from suit for these types of claims. (Doc. 35 at 5). Plaintiff argues the Court has subject matter jurisdiction over his claims here because (1) the FTCA has waived the Government's immunity for tort claims against SSA employees and that waiver is not limited by 42 U.S.C. § 405(h) because he did not receive a hearing prior to the alleged

---

[4] To the extent Plaintiff attempts to bring his due process claim against the Government under 42 U.S.C. § 1983, any such claim would fail as a Section 1983 claim is actionable only against state actors—not federal. *See e.g., Lyndon v. United States*, 2020 WL 3405530, at *5 (D. Haw. June 19, 2020) ("§ 1983 applies only to violation of federal law by a state actor. Section § 1983 does not waive sovereign immunity of the United States, its agencies, and federal officials in their official capacities.") (citing *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011)).

[5] Plaintiff has clarified that his Bivens claims only apply to the SSA employees—not the United States or its "agencies." (Doc. 42 at 8). *Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. *See, e.g., Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003). Since this Motion only pertains to the Government, and not the individually named Defendants, any discussion of Plaintiff's *Bivens* claims is not relevant for purposes of this Motion.

1  conduct (Doc. 42 at 3–4; 8), (*id*. at 7), and because (2) 28 U.S.C. § 1343 gives this court
2  jurisdiction to recover damages or to secure equitable or other relief under any act of
3  Congress providing for the protection of civil rights (*id*. at 9). Plaintiff also argues two
4  state law claims serve to waive the Government's immunity under the FTCA: A.R.S. § 13-
5  817, a state statute requiring a hearing before a writ of garnishment is issue, and his "claim"
6  that the Government breached its contract with him by withholding his monthly benefits
7  payments—although he does not allege either of these claims in his Amended Complaint
8  (Doc. 33). (Docs. 42 at 7; 53 at 2).

### A.      Legal Standard

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). The plaintiff must show that the court in question has jurisdiction to hear their case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of "proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A court must dismiss a plaintiff's complaint if it fails to establish subject matter jurisdiction. *Savage*, 343 F.3d at 1039 n.2.

Jurisdictional challenges can be either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks and citation omitted). "By contrast, a factual attack contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (internal quotation marks and citations omitted) (emphasis in original). The Government asserts a facial attack here: sovereign immunity from suit. (Doc. 35 at 5). *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 ("Sovereign immunity is jurisdictional in nature" and property raised in a motion to dismiss).

Generally, the doctrine of sovereign immunity prevents courts from exercising jurisdiction over the Federal Government. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). However, "[w]hen the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). A waiver of sovereign immunity by the United States must be unequivocally expressed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, (1992). As a general matter, purported statutory waivers of sovereign immunity are not to be liberally construed. *Id.* at 34. Any doubt or ambiguity of a waiver of immunity is "resolved in favor of immunity." *Katz v. United States*, 2009 WL 10673294, at *1 (C.D. Cal. July 22, 2009) (citation omitted).

### B.   The Due Process Clause and the Tucker Act

All six of Plaintiff's claims alleged in his Complaint are for a violation of due process. (Doc. 33). Though not explicit, Plaintiff seems to argue that the Due Process Clause, by itself, establishes a waiver of sovereign immunity and grants the Court subject matter jurisdiction over his due process claims. (Doc. 42 at 5). Plaintiff specifically argues that the Due Process Clause entitled him to a hearing before any determination of a civil monetary penalty was made and before his monthly disability was garnished by the SSA. (*Id.*)

The Due Process Clause of the Fifth Amendment states that "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Thus, the Due Process Clause requires that "persons" deprived of life, liberty or property must be afforded (1) notice, (2) an opportunity to be heard, (3) at a meaningful time and in a meaningful manner. *See id.* Procedural due process does not require that the notice and opportunity to be heard occur before the deprivation—it can "take place through a combination of pre- and post-

deprivation procedures." *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1082 (9th Cir. 2010) (internal citations omitted). Due process does not "always require an adversarial hearing" or "the opportunity to cross-examine witnesses" either, it is "flexible and calls for such procedural protections as the particular situation demands." *Id*. (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

The Due Process Clause "does not create a general waiver of sovereign immunity and does not establish jurisdiction in the district courts over monetary claims." *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015). The Ninth Circuit has recognized that district courts lack jurisdiction to hear claims for monetary relief against the federal government for alleged due process violations. *See id*. In fact, "[a]bsent an independent waiver of sovereign immunity, due process [] claims against the federal government in excess of $10,000 . . . fall under the ***exclusive*** jurisdiction of the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491." *Id.* (citing *McGuire v. United States*, 550 F.3d 903, 910–11 (9th Cir. 2008) (emphasis added).

The Tucker Act waives sovereign immunity for certain claims brought against the United States and vests jurisdiction in the Court of Federal Claims to hear the claims:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Little Tucker Act waives sovereign immunity and provides for concurrent district court jurisdiction over:

> [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1346(a)(2). "Read together, these statutes provide for jurisdiction ***solely*** in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less." *McGuire v.*

- 8 -

*United States*, 550 F.3d 903, 910-11 (9th Cir. 2008) (citing *United States v. Hohri*, 482 U.S. 64, 67 n. 1 (1987) (emphasis added).

Here, Plaintiff purports to bring six distinct due process claims against individual federal employees as well as the SSA Commissioner and the federal government. (Doc. 33 at 2–7). Plaintiff seeks $4,050,000.00 in compensatory/actual damages and $4,750,000.00 in punitive damages. (*Id*. at 7). These claims fall within the scope of the Tucker Act because Plaintiff's claims are claims "founded upon the Constitution" and he seeks more than $10,000. 28 U.S.C. § 1491(a)(1); *see also Munns*, 782 F.3d at 413. So, the Due Process Clause cannot establish a waiver of the Government's sovereign immunity by itself here. *See Alegre v. United States*, 2020 WL 4673099, at *6 (S.D. Cal. Aug. 12, 2020) (stating that the Fifth Amendment's Due Process Clause "does not provide a basis under the Tucker Acts to waive sovereign immunity.").

This is not the end of the Court's inquiry, however, as "a claim that falls under the Tucker Act does not necessarily have to be brought in the Court of Federal Claims." *McGuire*, 550 F.3d at 911. The Tucker Act's grant of jurisdiction to the Court of Federal Claims is "frequently referred to as 'exclusive,' but 'that courts jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.' " *Id*. (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 n. 48 (1988); *see also In re Liberty Construction*, 9 F.3d 800, 801 (9th Cir. 1993) (stating that "jurisdiction under the Tucker Act is not exclusive where other statutes independently confer jurisdiction and waive sovereign immunity.")).

Plaintiff argues various other statutes serve to waive the Government's sovereign immunity. (Doc. 33 at 1). The Court will review these other purported waivers in turn.

### C. The FTCA and Sovereign Immunity

The Government argues that Plaintiff seeks a waiver of sovereign immunity under the FTCA by alleging that the individually named Defendants failed to comply with their duties under the Social Security Act—but that the Social Security Act explicitly bars challenges to Social Security benefit related decisions brought under the FTCA.

(Doc. 35 at 7). Plaintiff argues that this bar, found in 42 U.S.C. § 405(h), is not applicable here as it applies to FTCA challenges to the Commissioner's decision after a hearing and he never had the requisite hearing. (Doc. 42 at 3). Plaintiff also alleges two state law claims, breach of contract and A.R.S. § 13-817, allow the FTCA to waive the Government's sovereign immunity.[6] (Docs. 47 at 7; 53 at 1).

### 1. The FTCA

As sovereign, the Government is immune from suit unless it "unequivocally express[es]" its consent to be sued. *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Without a waiver of sovereign immunity, a court lacks jurisdiction over claims against the federal government. *Id.* One such waiver is the FTCA, which allows plaintiffs to sue the Government for tortious injuries or losses suffered because of "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or his employment." 28 U.S.C. § 1346(b)(1). The waiver, therefore, does not apply to constitutional torts. *See e.g., Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (holding that constitutional torts are not actionable under the FTCA).

The Court finds that the FTCA cannot waive sovereign immunity here because all of Plaintiff's claims are constitutional torts. The FTCA waives immunity for suits against the Government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission

---

[6] Plaintiff has not alleged either of these "claims" in his Amended Complaint. (Doc. 33). A plaintiff cannot assert unalleged claims in opposition to a motion to dismiss because a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See generally Garza v. City of Yakima*, 2014 WL 2452815, at *10 (E.D. Wash. June 2, 2014) (citing Fed. R. Civ. P. 8(a)(2)). Since Plaintiff has not alleged either claim in his Amended Complaint, he may not rely on these claims to attempt to establish jurisdiction here. *See id.* Moreover, Plaintiff's argument that A.R.S. § 13-817 provides a basis for the Court's jurisdiction fails as this state statute is a criminal statute which provides a process for garnishees to object to a writ of garnishment in Arizona state court for "any fine, surcharge, fee, assessment, restitution or incarceration costs." A.R.S. § 13-812. It does not provide a basis for federal jurisdiction. *See* A.R.S. § 13-817. Finally, even if Plaintiff had alleged a cause of action for breach of contract against the Government, the Tucker Act "prevents constitutional claims that are dependent on rights under a government contract from being brought in the district court." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 648 (9th Cir. 1998). So, neither of these arguments provide a waiver of the Government's sovereign immunity here.

occurred." 28 U.S.C. § 1346(b). The FTCA does not provide a cause of action for constitutional tort claims because the Government would have to be liable "as a private person." *Meyer*, 510 U.S. at 477. "[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Id*. Thus, even if Section 405(h) did not bar FTCA actions, Plaintiff could not maintain a due process claim against the Government under the FTCA as it is a constitutional tort which the United States has not rendered itself liable for. *See id*.

### 2. 42 U.S.C. § 405

Plaintiff also asserts that Section 405(h) does not bar his claims because: (1) he did not receive a hearing before his benefits were garnished; (2) Section 405(h) requires an ALJ decision; and (3) his claims do not arise under 405(h) because he has alleged due process claims, not negligence claims. (Doc. 42 at 3–6).

Section 405(h) states that the findings and decision of the Commissioner after a hearing "shall be binding upon all individuals who were parties to such hearing" and that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [the FTCA] of title 28 to recover on any claim ***arising under*** this subchapter." 42 U.S.C. § 405(h) (emphasis added). The "only avenue" for judicial review rests in Section 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984).

Section 405(g) provides, in pertinent part, that:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

*Id*. Once a claimant's administrative remedies have been exhausted, they are entitled to seek judicial review of the Commissioner's decision. *Id*. If the exhaustion requirement of Section 405(g) is not met, a district court may still waive this requirement "if a claimant

- 11 -

asserts a 'colorable constitutional claim.' " *Anthony B. v. Kijakazi*, 2023 WL 359217, at *1 (D. Or. Jan. 23, 2023) (citing *Califano v. Sanders*, 430 U.S. 99, 109 (1977)).

Plaintiff's administrative remedies have been exhausted here because ALJ Waters held a hearing, reached a decision and this decision was affirmed by the appeals council. (Doc. 33 at 7). Due process does not require a hearing prior to the termination of disability benefits—a post deprivation hearing satisfies due process when the SSA terminates a payee's benefits. *See Mathews*, 424 U.S. at 349. This means that Section 405(h)'s bar to challenges of the Commissioner's post hearing decision applies here—contrary to Plaintiff's assertion. (Doc. 42 at 3).

Finally, the Court finds that Section 405(h) bars Plaintiff's purported FTCA claims against the individual defendants because his claims arise under Section 405(h). Plaintiff essentially argues that his due process violations occurred before ALJ Waters held a hearing or reached a decision, so, his claims do not arise under Section 405(h). (Doc. 42 at 5–6). Not so.

The phrase "arising under" contained in Section 405(h) has been interpreted by the United States Supreme Court to include "a claim in which 'both standing and the substantive basis for the presentation' of the claim is the Social Security Act." *Hooker v. United States Dep't of Health and Human Services*, 858 F.2d 525, 529 (9th Cir. 1988) (citing *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975)). In simpler terms, the Social Security Act "bars both Federal Tort Claims Act and *Bivens* claims for alleged unconstitutional conduct resulting in termination of benefits." *Melkonian v. Astrue*, 418 F. App'x 610, 611 (9th Cir. 2011) (citing *Hooker*, 858 F.2d at 529).

Indeed, Congress "intended to limit claims against the SSA under the FTCA and the Social Security Act" because "it has created an administrative remedial scheme by which an aggrieved person may contest the termination" of benefits:

> If a recipient disagrees with SSA's decision to terminate his benefits, the recipient has the right to de novo reconsideration by the appropriate state agency. If, after reconsideration by the state agency and SSA review, the decision remains adverse to the recipient, he is notified of his right to an evidentiary hearing before an ALJ. If the ALJ finds in favor of the Secretary,

- 12 -

the recipient may request discretionary review by the SSA Appeals Council, and finally may obtain judicial review pursuant to 42 U.S.C. § 405(g).

*Villarino v. Soc. Sec. Administration: Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354*, 2018 WL 5095125, at *3–4 (E.D. Cal. Oct. 17, 2018) (citing *Hooker*, 858 F.2d at 29–30) (internal citations omitted).

Here, Plaintiff's due process claims "arise under" the Social Security Act because they are claims for "alleged unconstitutional conduct resulting in termination of benefits." *Melkonian*, 418 F. App'x at 611. Plaintiff has sought judicial review of the ALJ's decision via 42 U.S.C. §405(g), which he has done in a related case, but the constitutional tort claims he attempts to bring under the Act are barred by Section 405(h) as a matter of law. *See* 42 U.S.C. § 405(h). Thus, neither the FTCA nor the Social Security Act provide for a waiver of the Government's sovereign immunity here.

### D.     28 U.S.C. § 1343

Plaintiff also argues that 28 U.S.C. § 1343[7] gives the Court "jurisdiction to recover damages or to secure equitable or other relief under any act of Congress providing for the protection of civil rights." (Doc. 42 at 8). Section 1343 authorizes district courts to hear certain civil actions. 28 U.S.C. § 1343. The Government argues that Section 1343 does not contain a clear and unequivocal waiver of sovereign immunity for claims against the United States or its agencies. (Doc. 63 at 6). Section 1343(a) has several subsections which give federal courts original jurisdiction over "any civil action authorized by law." 28 U.S.C. § 1343(a). None of these subsections provide for a waiver of sovereign

---

[7] 28 U.S.C. § 1343 provides that "the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
(1)   To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
(2)   To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
(3)   To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
(4)   To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

immunity here.

The Ninth Circuit has explicitly held that Sections 1343(a)(1) and 1343(a)(3) cannot be construed as an "unequivocally expressed waiver of the government's sovereign immunity." *Jachetta*, 653 F.3d at 907; *Massie v. Stuhldreher*, 935 F.2d 274 (9th Cir. 1991) (stating that section 1343(a)(1) does not expressly waive sovereign immunity). It has also noted that Section 1343(a)(4) does not waive the Government's sovereign immunity either. *Jachetta*, 653 F.3d at 907 (citing *Salazar v. Heckler*, 787 F.2d 527, 528–29 (10th Cir. 1986)). Finally, the Ninth Circuit has also noted that, under the Tucker Act, 28 U.S.C. § 1491, claims for monetary damages over $10,000 brought under Section 1343(a)(2) must be brought in the Court of Federal Claims—not the district court. *Glines v. Wade*, 586 F.2d 675, 681 (9th Cir. 1978), *rev'd sub nom. on other grounds Brown v. Glines*, 444 U.S. 348 (1980). So, Section 1343 does not serve as a waiver of sovereign immunity for Plaintiff's due process claims in this case because Section 1343(a)(1), (3) and (4) do not waive the Government's immunity and Section 1343(a)(2) only gives the Court of Federal Claims authority to hear his due process claims—not this Court. 28 U.S.C. § 1343(a).

In sum, no statute which Plaintiff has invoked provides for an "independent waiver of sovereign immunity," therefore, Plaintiff's due process claims against the Government "fall under the exclusive jurisdiction of the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491" as he seeks more than $10,000 in relief. *Munns*, 782 F.3d at 413.

**III.     Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,

892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture C*o., 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, the Court will not grant Plaintiff leave to amend because his due process claims "fall under the exclusive jurisdiction of the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491." *Munns*, 782 F.3d at 413. Thus, any attempted amendment to establish subject matter jurisdiction in this Court would be futile, so, the Court will not allow Plaintiff leave to amend. *Carrico*, 656 F.3d at 1008.

**IV.  Conclusion**

Because Plaintiff's due process claims can only be heard by the United States Court of Federal Claims in Washington, D.C., the Court will *sua sponte* transfer this action to that court under 28 U.S.C. § 1631.[8] *See Munns*, 782 F.3d at 414 (transferring the plaintiffs' constitutional tort claims to the Court of Federal Claims because the plaintiffs alleged an illegal exaction occurred: a deprivation of property without due process of law); *see also Brown v. Wormuth*, 2022 WL 610784, at *3 (D. Haw. Feb. 9, 2022) (transferring plaintiff's due process and contract claims to the Court of Federal Claims under the Tucker Act). Moreover, the Court will transfer the entire action to the Court of Federal Claims because Plaintiff's claims against the Government and each individually named Defendant are inextricably intertwined to such a degree that the Court cannot transfer only part of this case. *Cf.* Fed. R. Civ. P. 21 (allowing the Court "at any time" to add or drop a party or sever any claim against a party). Finally, the Court notes that it cannot address whether Plaintiff has stated a claim for relief under Rule 12(b)(6) as that determination must be

---

[8] Section 1631 states that if the Court "finds that there is a want of jurisdiction, the court ***shall***, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631 (emphasis added).

made by the transferee court since this Court does not have jurisdiction. *See Sinochem Int'l Co.*, 549 U.S. at 431 (stating that "[w]ithout jurisdiction the court cannot proceed at all in any cause.").

Accordingly,

**IT IS ORDERED** that the Government's Motion to Dismiss (Doc. 35) this action for lack of jurisdiction is **GRANTED**. The Clerk of Court shall take all necessary action to **transfer** this action to the United States Court of Federal Claims under 28 U.S.C. § 1631.

Dated this 13th day of August, 2024.

Honorable Diane J. Humetewa
United States District Judge